# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| ARKANSAS-MISSOURI FOREST PRODUCTS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:15-cv-00771-SRB ) |
| STUART J. LERNER and L&M VENTURES, LLC, | ) ) ) |
| Defendants. | ) ) |

### ORDER

Before the Court is Defendants' Motion to Dismiss Complaint and Memorandum in Support Thereof (Doc. #7) and Plaintiff's Motion to Consolidate Cases (Doc. #18). Defendants' motion to dismiss (Doc. #7) is DENIED, IN PART. The Court finds it has personal jurisdiction over the Defendants, but venue is improper before the Court. The Court further finds, however, that dismissal is not appropriate, and the case should be transferred to the United States District Court for the Eastern District of Missouri. Plaintiff's motion to consolidate (Doc. #18) is, therefore, DENIED as moot.

### I.  Background

The parties, as well as other related parties not named in this case, have been involved in litigation for years stemming from a failed business relationship. *See Arkansas-Missouri Forest Prods., LLC v. Lerner, et al.*, No. ED-102321, 2016 WL 234889 (Mo. App. E.D. January 19, 2016) (reversing and remanding trial court decision). Plaintiff Arkansas-Missouri Forest Products, LLC ("AMFP") is a Missouri limited liability company of which Mark and Diann Garnett, Missouri citizens, are the sole owners. AMFP owned 30% of a company called Blue

Chip II, of which Defendant L&M Ventures was managing member. Defendant Stuart J. Lerner is the managing member of L&M Ventures, and both are California citizens according to the complaint.

AMFP's claims in this case are based on the allegation that Defendants withheld from production in a prior lawsuit a responsive, relevant document that would have changed the outcome of the lawsuit and thereby caused Plaintiff's injury. The prior lawsuit was conducted in the Circuit Court of Cape Girardeau, Missouri, ("Cape Girardeau action") and was concluded with a jury trial, the result of which was appealed after the trial court entered judgment notwithstanding the verdict and denied AMFP's claim for accounting. The Missouri Court of Appeals, Eastern District, issued an opinion on January 19, 2016, remanding the case back to the state court for entry of judgment in accordance with the jury's verdict and with instructions to proceed with an accounting.

Yet another case involving related parties is pending before this Court. In the matter *Stuart J. Lerner, et al. v. Mark Garnett, et al.*, Case No. 6:13-cv-03131-SRB ("Lerner action"), Lerner, L&M Ventures, and several Blue Chip companies are suing Mark and Diann Garnett, and Steve Moore for: 1) tortious interference with business relationships; 2) breach of contract; 3) fraud; and 4) negligent misrepresentation. The document AMFP alleges should have been produced in the Cape Girardeau action was produced by Lerner and L&M Ventures to the Garnetts and Moore during the Lerner action. The Garnetts attempted to bring the claims asserted in this case as counterclaims in the Lerner action and sought to add AMFP as a counterclaimant. The counterclaims, however, belonged to AMFP and not the Garnetts, and upon dismissing the Garnetts' counterclaims for lack of standing, the Court dropped AMFP as a

counterclaimant because AMFP was not an original party to the suit. AMFP then filed the present case and seeks to have this case consolidated with the Lerner action.

AMFP's complaint includes four counts: 1) fraudulent misrepresentation/concealment; 2) negligent misrepresentation/concealment; 3) breach of fiduciary duty; and 4) equitable accounting. Defendants moved to dismiss the complaint on five grounds: 1) lack of personal jurisdiction; 2) improper venue; 3) failure to state a claim upon which relief can be granted as to Counts I and II; 4) res judicata and collateral estoppel as to all counts; and 5) equitable accounting cannot be maintained against these Defendants. The Lerner action is properly before the Court because the Garnetts and Moore are residents of this judicial district. The venue analysis in this case, however, differs from that in the Lerner action because here, Defendants are California residents, and the complaint is based primarily on the allegation that a document was withheld in the Cape Girardeau action thereby causing AMFP's injury. Cape Girardeau is within the boundary of the United States District Court for the Eastern District of Missouri. As a result, the Court will transfer this case to the Eastern District of Missouri and will address only the personal jurisdiction and venue arguments in this Order leaving the remaining arguments to be decided by the transferee court.

**II.     Legal Standard**

A party may move to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). When considering a motion to dismiss for lack of personal jurisdiction, "[t]he party seeking to invoke the jurisdiction of a federal court bears the burden of establishing that jurisdiction exists." *Hicks v. Clay Cnty.*, 636 F. Supp. 2d 903, 907 (W.D. Mo. 2008) (citation omitted). "[T]o defeat a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction." *Id.* "The [prima facie

showing] must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and opposition thereto." *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008) (citation omitted).

A party may move to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). "The moving party has the burden of establishing that venue is improper." *Bomkamp v. Hilton Worldwide, Inc*., No. 4:13-CV-1569-CAS, 2014 WL 897368, at *5 (E.D. Mo. Mar. 6, 2014) (citation omitted). The determination of proper venue is governed by 28 U.S.C. § 1391(b), which provides, "A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Upon a finding of improper venue, "[t]he district court . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

While in some circumstances a court *may* reverse the normal course and consider venue before considering personal jurisdiction, the Court finds that the circumstances here do not warrant such reversal. *See Leroy v. Great West'n United Corp.*, 443 U.S. 173, 180 (1979) (holding "sound prudential justification" existed for first considering venue where personal jurisdiction issue required analysis of novel constitutional question that was ultimately unnecessary because venue analysis required transfer to a federal district court in another state). The venue analysis here requires transfer to another federal district court in Missouri, and therefore, the personal jurisdiction analysis impacts the Court's finding that the Eastern District

of Missouri is a "district . . . in which [the case] could have been brought[]" under 28 U.S.C. § 1406(a).

## III. Discussion

### Personal Jurisdiction

"Personal jurisdiction can be specific or general." *Dairy Farmers of Am., Inc. v. Bassett & Walker, Intern., Inc.*, 702 F.3d 472, 475 (8th Cir. 2012) (citation omitted). In opposition to the motion to dismiss, AMFP argues only that specific personal jurisdiction exists. (Doc. #16, p.12, n.2) ("Ark-Mo has never asserted that defendant's contacts with Missouri are so pervasive that they are subject to general personal jurisdiction."). "Specific jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment." *Dairy Farmers*, 702 F.3d at 475. While some courts conduct the statutory and constitutional inquiries together, they are separate inquiries. *Id.*

The Missouri long-arm statute provides:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts: . . . (3) The commission of a tortious act within this state[.]

Mo. Ann. Stat. § 506.500 (2015). AMFP argues, "Missouri's long-arm statute is satisfied because defendants committed fraudulent and/or negligent misrepresentations in Missouri at the trial during the Cape Girardeau lawsuit and during the discovery phase of that lawsuit." (Doc #16, p.5). Defendants counter that any misrepresentation during discovery occurred in California where Defendants formulated their discovery responses. Even accepting Defendants' counter position, "foreseeability is the standard to be applied when evaluating whether

5

jurisdiction is appropriate over a tortious act occurring in another state with actionable consequences in Missouri." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 911 (8th Cir. 2012). "If a defendant can reasonably foresee his or her [tortious] actions having consequences felt in Missouri, jurisdiction is authorized." *Id.*

AMFP alleges that Defendants knowingly or negligently withheld from production a relevant and responsive document, which caused a lack of documentary evidence on an issue that "was critical to [Defendants'] defenses to the claims of Ark-Mo in the Cape Girardeau lawsuit for breach of fiduciary duty, fraud, breach of agreement, and/or the amount of damages sustained by Ark-Mo." (Doc. #1, ¶30). Certainly, Defendants must have foreseen that their conduct, as alleged, would cause consequences in Missouri where the Lerner action was pending and decided. Accordingly, the Court finds Plaintiff has made a prima facie showing that Missouri's long-arm statute is satisfied.

"Even if personal jurisdiction over a defendant is authorized by the forum state's long-arm statute, jurisdiction can be asserted only if it comports with [the] Due Process Clause." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011) (citation omitted). "Due process requires that a defendant have certain 'minimum contacts' with the forum state for personal jurisdiction to be exercised." *Myers*, 689 F.3d at 911 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). "Contacts with the forum state must be sufficient that requiring a party to defend an action would not 'offend traditional notions of fair play and substantial justice.'" *Id*. The Eighth Circuit applies "a five-factor test to evaluate whether a defendant's actions are sufficient to support personal jurisdiction: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those

6

contacts with the cause of action; (4) Missouri's interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Id*. (citation omitted).

Again, AMFP alleges Defendants lied in a Missouri court when they intentionally or negligently failed to produce a relevant, responsive document and relied on the absence of that document at trial in defending AMFP's claims in the Cape Girardeau action. The Court finds that AMFP has made a prima facie showing that the nature and quality of the contacts Defendants had with Missouri; the relationship of those contacts with the cause of action; and Missouri's interest in providing a forum for AMFP, a Missouri limited liability company, satisfy the Due Process Clause analysis.

## Venue

"[W]hether venue is 'wrong' or 'improper' . . . is generally governed by 28 U.S.C. § 1391[.]" *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court, W.D. Tx.*, 134 S.Ct. 568, 577 (2013). As stated by the Supreme Court, "When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Id.* As previously outlined, a proper venue is a district where any defendant resides, if all defendants are residents of the State in which the district is located, or a district where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. §§ 1391(b)(1)-(2). As a "fallback option[,]" only when no district satisfies either of these criteria will venue properly lie in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." *Id.* at 578; 28 U.S.C. § 1391(b)(3).

AMFP argues that venue is not "improper" in the Western District of Missouri "because the court can exercise personal jurisdiction over the non-resident defendants." (Doc. #16, p.13).

7

AMFP further argues that because venue in the Western District is proper, the discretionary transfer provision in 28 U.S.C. § 1404(a) applies rather than the mandatory transfer provision in 28 U.S.C. § 1406(a). For the reasons already stated, the Court agrees it has personal jurisdiction over the Defendants, but AMFP's argument ignores the clear statutory language that section 1391(b)(3) only applies when no district satisfies the criteria in sections 1391(b)(1) or 1391(b)(2). The parties agree and the Court finds that section 1391(b)(1) does not apply regardless of L&M Ventures' residency for venue purposes under 28 U.S. C. §§ 1391(c)-(d), because the individual defendant, Stuart Lerner, is a resident of California. Section 1391(b)(2) applies, however, because – for all the reasons stated in connection with the Court's finding on personal jurisdiction – a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Missouri. No part of the events or omissions giving rise to the claim occurred in the Western District of Missouri, and AMFP does not argue such.

Defendants moved to dismiss the complaint for improper venue, but the Court finds that "the interest of justice" requires transfer of the case to the United States District Court for the Eastern District of Missouri, a district in which both personal jurisdiction over the Defendants exists and venue is proper. 28 U.S.C. § 1406(a). "Transfer is preferred over dismissal whenever possible 'to remove procedural obstacles which would prevent an expeditious and orderly adjudication of a case on its merits.'" *York v. Westwood Contractors, Inc.*, No. 6:06-CV-3468-ODS, 2007 WL 781830, at *2 (W.D. Mo. March 13, 2007) (quoting *Mayo Clinic v. Kaiser*, 383 F.2d 653, 654 (8th Cir. 1967)). As previously detailed, these parties and other related parties have been involved in protracted litigation for years, and AMFP first sought to raise these same claims as counterclaims, which was denied. The Court, therefore, transfers the matter so that a more expeditious and orderly adjudication may occur. Furthermore, the recent Missouri Court of

Appeals decision may allow the parties to address the alleged state-court discovery violation to be resolved in state court.

## IV. Conclusion

Defendant's Motion to Dismiss Complaint and Memorandum in Support Thereof (Doc. #7) is DENIED, IN PART. The Court finds it has personal jurisdiction over the Defendants, but venue is improper before the Court. The Court further finds, however, that dismissal is not appropriate, and the case should be transferred to the United States District Court for the Eastern District of Missouri. As a result of the transfer, the Court declines to make a determination on Defendants' remaining arguments in favor of the transferee court. Plaintiff's Motion to Consolidate Cases (Doc. #18) is DENIED as moot.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 25, 2016